No. 1473.—ALEXANDER CARDAILLAC *v.* BERNARD DUTHU.

The verdict of the jury unsupported by the evidence in the record will be set aside on appeal, and the judgment rendered thereon will be annulled and the suit dismissed.

APPEAL from Sixth District Court of New Orleans. *Duplantier, J. E. & C. Morel,* for plaintiff and appellee, *Julian Michel & Jules Lambert,* for defendant and appellant.

WYLY, J.    Plaintiff sued the defendant for a sum of money, which he alleges is a balance due him on account of a partnership between him and the defendant during the year 1863, which partnership has never been settled.   He sued for a settlement of that partnership, claiming that the defendant has all the books and assets thereof and refuses to settle with him.   He also sued out a writ of arrest against the defendant, alleging that he was about to remove from the State without leaving sufficient property to satisfy his demand.   The answer is a general denial; a special denial that the plaintiff placed in defendant's hands any sum of money to be invested, and special denial that there ever was in his hands any books, papers or assets, as alleged by plaintiff, and a reconventional demand for damages on account of his illegal and wrongful arrest.

There was judgment for plaintiff for $2080 70, and the defendant has appealed.   The case was tried by a jury and the judgment rendered in accordance therewith.

There was evidence of the partnership, but not a particle of proof to sustain the verdict that the defendant owed plaintiff the sum of $2080 70 or any other sum.

One of plaintiff's witnesses, Henry Pedaré, knew of the transaction of a small lot of cotton, the proceeds of which he divided between the plaintiff and defendant.

Another witness for plaintiff, Alexis Dumestre, knew of the partnership, and that cotton was the principal commodity in which they transacted business; he was employed by them to collect the cotton; having sold two lots of it, he paid to plaintiff and defendant each his share.   Another of plaintiff's witnesses, François Corre, also knew of the transactions between plaintiff and defendant in reference to cotton. He states that a committee was appointed, of which he was one, to settle the accounts between plaintiff and defendant, in reference to transactions in hides and cotton.   He says: "It was agreed that Mr. Duthu would pay Mr. Cardaillac a certain sum of money, the amount of which I do not remember, but believe to be between fifteen and seventeen hundred dollars.   One of the members of the committee on that occasion bound himself as surety of Mr. Duthu to Mr. Cardaillac, this surety stating that he would the following day pay to Mr. Cardaillac the amount, and I believe the amount was the following day paid to Mr. Cardaillac."

The testimony of the other witnesses is vague and indefinite, and there is no positive evidence to sustain the judgment for the sum re-

covered. We think the plaintiff has failed to make out his case, and the judgment appealed from is erroneous.

It is therefore ordered that the judgment of the court below be avoided, annulled and reversed, and it is now ordered that there be judgment as of non-suit against the plaintiff, and that he pay the costs of both courts.

Rehearing refused.